UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
K.A.K., an infant by his father and natural guardian,
KEVIN KNIGHT,

Plaintiff,

-against-

**COMPLAINT**

CITY OF NEW YORK, JASON SIMMONS,
and JOHN and JANE DOES 1-4

Defendants.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

The infant plaintiff, referred to herein by his initials K.A.K., by his father and natural guardian Kevin Knight, by their attorney, Michael Lumer, as and for his complaint against the defendants, allege, upon information and belief, as follows:

**PARTIES, JURISDICTION and VENUE**

1. At all relevant times herein, plaintiff K.A.K., the infant son of his father and natural guardian, Kevin Knight, was between sixteen (16) and seventeen (17) years of age, and resided in Queens County, within the City and State of New York.

2. At all relevant times herein, Kevin Knight was the father and natural guardian of K.A.K., and resided in Queens County, within the City and State of New York.

3. At all relevant times herein, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

4. At all relevant times hereinafter mentioned, defendant Jason Simmons, Tax Reg. 970218, was employed by the City of New York as a member of the NYPD. Simmons is sued herein in both his official and individual capacities.

5. At all relevant times hereinafter mentioned, defendants John and Jane Does 1-4 (the "Doe defendants") were employees of the City of New York as members of the NYPD whose identities are not yet known to plaintiff. The Doe defendants are sued herein in both their official and individual capacities.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. §§ 1983 and 1988.

7. The infant plaintiff timely served a Notice of Claim asserting, in relevant part, that he was subjected to excessive force by the defendant City of New York and its employees and agents.

8. At least thirty days have passed since service of plaintiff's Notice of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

9. The plaintiff has complied with all obligations, requirements, and conditions precedent to commencing an action against New York City under New York law.

10. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiff resides and where the majority of the actions complained of herein occurred.

11. Plaintiff has complied with all of obligations, requirements and conditions precedent to commencing an action against New York City under New York law.

## FACTUAL ALLEGATIONS

12. During the afternoon hours of April 1, 2025, plaintiff was present on the sidewalk in the vicinity of 61-40 188 Street in Queens county with other individuals, each of whom is believed to have been about or under 18 years old at that time.

13. The plaintiff was sixteen (16) years old as of April 1, 2025.

14. Simmons and two other officers arrived at the location in a police vehicle.

15. The plaintiff was sitting on a parked moped when Simmons and the other officers arrived.

16. Simmons and the other officers exited their vehicle and walked quickly towards plaintiff and his friends.

17. Without warning, and without giving the plaintiff or anyone with plaintiff an opportunity to dismount their mopeds or otherwise engage with the officers, Simmons and the other officers initiated contact with the plaintiff and at least two of the other individuals at the scene.

18. The plaintiff responded by trying to drive away but was immediately pulled off the moped and taken violently to the ground by defendant Simmons.

19. At no time did plaintiff strike or attempt to strike Simmons or any other officer before Simmons violently took K.A.K. to the ground.

20. Any contact between plaintiff's moped and Simmons was caused by and resulted from Simmons rushing towards and seizing plaintiff.

21. The force used by Simmons was excessive and objectively unnecessary.

22. Simmons' use of force was so extreme it caused plaintiff to suffer an open displaced right femoral shaft fracture. In simple terms, Simmons caused the plaintiff's right femur to fracture so that one end of the broken thigh bone tore through plaintiff's skin.

23. While plaintiff was lying on the sidewalk, howling in pain, one of the Doe defendants sat squarely on plaintiff's fractured right leg in order to place handcuffs on the seriously injured plaintiff, who was unarmed and incapable of going anywhere.

24. The Doe defendant's use of force against the prone plaintiff, who was plainly in great pain, was gratuitous and objectively unnecessary.

25. This interaction took place entirely on the sidewalk at the location where the defendants encountered the plaintiff.

26. Other officers, including the remaining Doe defendants, gave medical personnel various falsified explanations for plaintiff's injury. These include claims such as "[plaintiff] riding moped and crashed into a car," and other, similar statements that all involved some form of accident in which K.A.K. drove into or was otherwise struck by another motor vehicle while fleeing the police.

27. In actuality, plaintiff did not strike nor was he struck by any other motor vehicle. He was violently taken to the ground by Simmons, and it was this use of force that was the sole proximate cause of plaintiff's injuries.

28. The explanations provided by the Doe defendants were fabrications meant to falsely suggest that it was plaintiff's operation of the moped that caused his injuries, when in actuality it was Simmons' use of force.

29. Plaintiff was taken by EMTs to Long Island Jewish Hospital, where he was admitted. The following morning, April 2, 2025, plaintiff underwent surgery, described in the operative report as "Irrigation and debridement of skin, subcutaneous tissue, muscle and bone, right femur open fracture and intramedullary fixation, right femur."

30. The pre-operative and post-operative diagnoses were the same: right grade 3 open femur fracture.

31. The defendants' efforts at disguising the cause of the injury are reflected in the "Indications" section of the operative report which states, in relevant part, that K.A.K. "Was struck by a motor vehicle after hitting several vehicles."

32. In fact, as Simmons admits in the motor vehicle accident ("MVA") report he drafted, the incident did not in any way involve any other vehicle, and certainly did not suggest plaintiff was injured by being struck by or striking any other vehicles.

33. This is not to say that Simmons' motor vehicle report was accurate. Simmons contends in the MVA report that, as he approached the plaintiff, K.A.K. accelerated and drove his moped into Simmons' leg, which caused K.A.K. to "fall off moped and complain of pain in his right leg." This narration was false. K.A.K. did not strike Simmons nor did he fall off the moped. It was Simmons' use of force in tackling K.A.K. that was the causal agent for plaintiff's injuries.

34. While K.A.K. was at the hospital for surgery and recovery, Simmons drafted paperwork or caused such paperwork to be drafted in which he alleged that he observed K.A.K. driving a moped on the sidewalk. He further alleged that he and other officers approached K.A.K. and directed him to stop but K.A.K. did not comply, and instead drove at Simmons with the front wheel lifted and struck Simmons on his leg. Simmons also alleged that K.A.K. flailed his arms, twisted his body, and tensed up in an attempt to avoid being handcuffed and placed under arrest.

35. These allegations were false in a number of respects. First, plaintiff was not operating the moped when Simmons arrived on the scene. Second, there were no directions to stop (as K.A.K. was not driving in the first instance). Third, K.A.K. did not drive at Simmons with his front wheel raised, nor did he strike Simmons as claimed.

36. Perhaps the most outrageous lie told by Simmons was that K.A.K.'s flailing, twisting, and tensing was an effort to avoid arrest. As Simmons was well aware, he had just broken K.A.K.'s femur, and done so with such force that the one end of the broken thigh bone had torn through the skin in the front of K.A.K.'s thigh, leaving K.A.K. face down on the sidewalk screaming in pain. Simmons, or one of his colleagues, responded by sitting on K.A.K.'s mangled leg in order to rear cuff the plaintiff.

37. Simmons forwarded these false allegations to the Queens County District Attorney's office ("QDAO"), or knowingly caused them to be forwarded, in order to justify plaintiff's arrest and the force used against him.

38. To the extent that any of the individual defendants did not personally communicate these false allegations to the QDAO, they were aware that fabricated evidence had been or would be communicated to prosecutors by one of their colleagues for the purpose of initiating plaintiff's prosecution, and had ample opportunity to intervene to guard plaintiff from further harm and injury, but deliberately chose not to do so.

39. On or about April 5, 2025, K.A.K. was presented for arraignment in Queens County Criminal Court on charges of assault in the second degree (a D felony); forgery of a VIN (an E felony), and assault in the third degree, reckless endangerment in the second degree, obstructing governmental administration in the second degree, and resisting arrest (all A misdemeanors).

40. On April 7, 2025, the Hon. Nestor H. Diaz issued an order of removal, effectively transferring the case against K.A.K. to Family Court under Docket D007480-25.

41. On August 19, 2025, all of the charges against the plaintiff were formally withdrawn and the case terminated in K.A.K.'s favor.

42. That at all times relevant herein, the individual defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

### (§1983: Excessive Force Against Jason Simmons)

43. Plaintiff repeats the preceding allegations as though stated fully herein.

44. Defendant Simmons willfully and intentionally seized K.A.K. and assaulted and subjected him to excessive force, causing the plaintiff to suffer serious and

permanent injuries without cause, and without a reasonable basis to believe such cause existed, and in so doing, violated his rights under the Fourth Amendment of the United States Constitution.

45. By reason thereof, defendant Simmons violated 42 U.S.C. § 1983 and caused the plaintiff to be deprived of his constitutional rights, and to suffer physical pain, and permanent physical and emotional injuries, economic damages, and mental anguish.

**SECOND CAUSE OF ACTION**

**(§1983: Fabricated Evidence/Denial of Fair Trial Against the Individual Defendants)**

46. Plaintiff repeats the preceding allegations as though stated fully herein.

47. The individual defendants willfully and intentionally subjected plaintiff to the denial of his right to a fair trial by fabricating evidence and communicating said materially false statements and/or materially misleading factual claims to the QDAO, thereby causing plaintiff to suffer a deprivation of his liberty.

48. To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they witnessed this conduct or otherwise knew and understood that such fabrications would be or had been communicated to prosecutors, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

49. By so doing, the individual defendants subjected the plaintiff to the deprivation of his right to due process directly through the use of fabricated evidence, or through their failure to intervene in such misconduct by their fellow officers, and aided and

abetted in the violation of, plaintiff's rights under the Fourth, Sixth, and/or Fourteenth Amendments of the United States Constitution.

50. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer various injuries, including emotional and physical injuries, mental anguish, the deprivation of his liberty, and the loss of his constitutional rights.

**THIRD CAUSE OF ACTION**

**(New York City Administrative Code §8-802 et seq.**
**Against the City of New York and the Individual Defendants)**

51. Plaintiff repeats the preceding allegations as though stated fully herein.

52. Each of the individual defendants is liable under New York City Administrative Code (§8-802 et seq.) for the unreasonable seizure and imprisonment of the plaintiff.

53. Each of the individual defendants is liable under New York City Administrative Code (§8-802 et seq.) for the violent and objectively unreasonable use of force against K.A.K. at and after the time of his arrest.

54. Each of the individual defendants is liable under New York City Administrative Code (§8-802 et seq.) for causing K.A.K. to be prosecuted without probable cause.

55. To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they were aware that it was or would be

happening, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

56. The City of New York, as the individual defendants' employer, is liable under §8-803 for the acts of its employees and agents, including these individual defendants.

57. By reason thereof, the municipal defendant and the individual defendants have violated §8-802 et seq., and caused each plaintiff to suffer emotional and physical injuries, mental anguish, incarceration, and the deprivation of their liberty.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, the plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

[Remainder of Page Intentionally Blank]

**WHEREFORE**, the plaintiff demands judgment against defendants jointly and severally as follows:

(i) actual and punitive damages against the individual defendants in an amount to be determined at trial;

(ii) actual damages in an amount to be determined at trial against the City of New York;

(iii) statutory attorney's fees pursuant to 42 U.S.C. §1988 and New York City Administrative Code §8-805, as well as the costs of the action;

(iv) injunctive relief in the form of an order issued by this Court expressly restraining each individual defendant from engaging in further conduct in violation of Administrative Code §8-802, as required under New York City Administrative Code §8-805(a)(3); and,

(v) such other relief as the Court deems just and proper.

Dated: New York, New York
March 17, 2026

LUMER LAW GROUP
Attorneys for Plaintiff K.A.K.

Michael Lumer, Esq.
14 Wall Street, Suite 4C
New York, New York 10005
(212) 566-5060